**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-2328**

---

K.A. HOLDINGS LTD. OF NEW YORK, a/k/a K.A. Holdings of New York, Inc., a/k/a K.A. Holdings of New York, Ltd., a/k/a K.A. Holdings, Ltd.,

        Plaintiff – Appellee,

    v.

CHRISTOPHER CHAGARIS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:09-cv-00487-MOC-DCK)

---

Submitted: August 29, 2014     Decided: September 15, 2014

---

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Rodney A. Dean, Clay A. Campbell, Sr., DEAN GIBSON HOFER & NANCE, PLLC, Charlotte, North Carolina, for Appellant. David G. Redding, Joseph R. Pellington, TISON REDDING, PLLC, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a trial, a federal jury found for the Appellee on its claims of legal malpractice and conversion against Christopher Chagaris, the Appellee's former attorney. The jury awarded the Appellee $793,568.45 in damages and the district court denied Chagaris' renewed motion for a directed verdict. Chagaris now appeals. For the reasons that follow, we affirm.

Chagaris first argues that the district court erred in denying his motion for summary judgment, in which he argued that the legal malpractice claim was barred by the applicable statute of limitations. We review de novo a district court's summary judgment order. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). Under North Carolina law, a three-year statute of limitations applies to actions for malpractice, and the claim accrues "at the time of the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c). The date of the last act giving rise to the cause of action is "the point in time when the elements necessary for a legal wrong coalesce." Carle v. Wyrick, Robbins, Yates & Ponton, LLP, 738 S.E.2d 766, 770 (N.C. Ct. App. 2013). "To determine when the last act or omission occurred [courts] look to factors such as the contractual relationship between the parties, when the contracted-for services were

2

complete, and when the alleged mistakes could no longer be remedied." Id. at 771. We have thoroughly reviewed the record and the relevant legal authorities and hold that the district court correctly concluded that the Appellee's claim of legal malpractice was not barred by the statute of limitations.

Chagaris next argues that the district court abused its discretion in admitting the Appellee's evidence of damages when the Appellee failed to comply with Fed. R. Civ. P. 26 and the evidence failed to meet the business records exception to the hearsay rule. "We review evidentiary rulings of the district court for abuse of discretion." United States v. Caro, 597 F.3d 608, 633 (4th Cir. 2010) (internal quotation marks and citation omitted). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted). Based on our review of the record, we conclude that the district court did not abuse its discretion in admitting the challenged evidence.

Finally, Chagaris argues that the Appellee failed to establish its claim for legal malpractice. We review de novo the denial of a Fed. R. Civ. P. 50(b) motion for judgment as a matter of law, "viewing the evidence in the light most favorable to the prevailing party, and will affirm the denial of such a

3

motion unless the jury lacked a legally sufficient evidentiary basis for its verdict." Gregg v. Ham, 678 F.3d 333, 341 (4th Cir. 2012) (citation omitted). We conclude, based on the evidence at trial, that the court did not err in denying Chagaris' renewed motion for a directed verdict.

Accordingly, we affirm the judgment and the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

AFFIRMED